UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00214 |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Docs. 1206 & |
| RUDIUS A. BROWN, | : | 1253] |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Defendant Rudius Brown does not present extraordinary and compelling reasons calling for a sentence reduction, the Court **DENIES** Defendant's *pro se* compassionate release motion.[1]

Defendant Brown generally argues that this Court erred when it classified him as a Career Offender.

Defendant's *Johnson v. United States*[2] argument fails. *Johnson* is not relevant to Defendant's sentence because this Court sentenced Defendant Brown under U.S. Sentencing Commission Guidelines ("Guidelines") § 4B1.1(a), and not the Armed Career Criminal Act.[3] The "Guidelines are not subject to a due process vagueness challenge," like the statutory *Johnson* claim.[4]

Defendant Brown also argues that this Court wrongly classified him as a career offender under the Guidelines by miscounting his prior offenses. Under Guidelines §

---
[1] Defendant's Court-appointed counsel did not augment Defendant's *pro se* motion. Doc. 1246. In addition, with this Order, the Court GRANTS the Government's extension motion. Doc. 1253.
[2] 576 U.S. 591 (2015).
[3] Doc. 1255 at 16.
[4] *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

Case No. 1:14-cr-00214
GWIN, J.

4B1.1(a), the career offender enhancement applies when a defendant has "two prior felony convictions of [ . . . ] a controlled substance offense."  Defendant's three Ohio drug trafficking convictions in Case No. CR535313 (arrest date: March 10, 2010), Case No. CR538911 (arrest date: April 6, 2010), and Case No. CR547761 (arrest date: February 26, 2011) qualified him for the enhancement.[5]  Even though these three convictions were sentenced together, "same-day sentencing counts as a single offense only if there is no 'intervening arrest' between the offenses."[6]  Here, as noted above, an arrest separated each prior drug offense.

Since Defendant does not present extraordinary and compelling reasons, the Court does not consider the application of the 18 U.S.C. § 3553 factors.[7]

IT IS SO ORDERED.

Dated: February 8, 2022         s/     James S. Gwin
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[5] PSR at 16–17.  Defendant's motion acknowledges that he was arrested on these dates.  Doc. 1246-1 at 2–3.

[6] *United States v. Patton*, 517 F. App'x 400, 403 (6th Cir. 2013) (quoting U.S.S.G. § 4A1.2(a)(2)).  Because Defendant's three drug convictions qualified him for the career offender enhancement, the Court does not address his argument related to the Failure to Comply conviction in Case No. CR483655.

[7] *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (allowing compassionate release denial when any 18 U.S.C. § 3582(c)(1)(A) prerequisite not met).

- 2 -