```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:14-cr-00214-20 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 1330] |
| RUDIUS A. BROWN, : | |
| : | |
| : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Rudius Brown moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii).[1] In response, the Government asked the Court to hold Brown's motion in abeyance until the Sixth Circuit releases its opinion in *United States v. McCall*.[2] Because *McCall* will guide the Court's analysis here, the Court **GRANTS** the Government's motion.

Brown pleaded guilty to one controlled-substance conspiracy charge.[3] The Court sentenced him to 132 months' incarceration and entered judgment on March 19, 2015.[4]

This is Brown's second compassionate-release motion. In his first such motion, Brown argued in part that the Court miscounted his prior offenses when determining whether he qualified as a career offender under U.S.S.G. §4B1.1. The Court denied that motion on February 8, 2022.[5]

Brown now renews his argument that he would not qualify as a career offender if sentenced today, but provides a different reason. Specifically, he argues that even if his

---

[1] Doc. 1326.
[2] 20 F.4th 1108 (6th Cir. 2021).
[3] Doc. 911 at 3, 8 (PageID 5736, 5741).
[4] Doc. 678 at 1–2 (PageID 4245–46).
[5] Doc. 1308.

Case No. 14-cr-214-20
Gwin, J.

predicate offenses fall within §4B1.1(a)(3)'s parameters, §4B1.1(a)(2)'s "controlled substance offense" definition doesn't encompass his instant conspiracy conviction. He relies on the Sixth Circuit's opinions in *United States v. Havis*[6] and *United States v. Stephens*.[7] Together, those cases instruct that inchoate crimes like attempt or conspiracy are not "controlled substance offense[s]" under §4B1.1(a)(2).[8] So, based on the circuit's reinterpretation of §4B1.1, Brown would not qualify for the career-offender enhancement if sentenced today.

Brown argues that *Havis*'s nonretroactive sentencing-law change creates an extraordinary and compelling reason to reduce his sentence.[9]

In *United States v. McCall*, a Sixth Circuit panel decided that courts should consider nonretroactive sentencing-law changes "in combination" with other factors when deciding whether to grant relief.[10] But in April, the Sixth Circuit vacated that decision and set the case for rehearing *en banc*.[11] The *en banc* court heard oral argument on June 8, 2022.

The Government moves to hold Brown's motion in abeyance until after the Sixth Circuit issues its decision in *McCall*. The Government argues that the Sixth Circuit's ruling will clarify conflicting panel decisions about how nonretroactive sentencing-law changes affect compassionate-release motions.

---

[6] 927 F.3d 382 (6th Cir. 2019).
[7] 812 F. App'x 356 (6th Cir. 2020) (mem.).
[8] *Havis*, 927 F.3d at 386–87; *Stephens*, 812 F. App'x at 357.
[9] The Government's motion mischaracterizes the career-offender sentencing-law change as originating in the 2018 First Step Act rather than *Havis*. Doc. 1330 at 1 (PageID 8366). This is wrong, but it doesn't change the Court's analysis. The Sixth Circuit treats nonretroactive statutory sentencing-law changes and judicial sentencing-law changes the same. *See United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) (citing *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021)) (*Havis* errors, like other judicial sentencing-law changes, don't apply retroactively).
[10] 20 F.4th 1108 (6th Cir. 2021). *But see McKinnie*, 24 F.4th at 583. There, a panel explained that "because *Havis* does not apply retroactively, a *Havis* error is not an extraordinary and compelling reason to modify an inmate's sentence under § 3582(c)(1)(A)(i)." *Id.* at 587–88. According to *McKinnie*, that's true whether a compassionate-release movant argues that a *Havis* error alone or combined with other factors presents an extraordinary and compelling reason to release him. *Id.* at 588–90.
[11] *United States v. McCall*, 29 F.4th 816 (6th Cir. 2022) (mem.).

Case No. 14-cr-214-20
Gwin, J.

The Court agrees and therefore **GRANTS** the Government's motion to hold Brown's compassionate-release motion in abeyance until after the Sixth Circuit issues its *en banc* decision in *United States v. McCall*. The Court directs the parties to advise the Court of any Sixth Circuit *McCall* decision within five days of the filing of any Sixth Circuit opinion.

IT IS SO ORDERED

Dated: September 13, 2022          *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE