IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 14-cr-214 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 1326, 1335] |
| v. | : | |
| | : | |
| RUDIUS BROWN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On July 28, 2022, Defendant Rudius Brown moved pro se for this Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant is currently serving a 132-month sentence after pleading guilty in November 2014 to one count of conspiracy to possess with intent to distribute and to distribute heroin.[1] Defendant has already filed a previous compassionate-release motion that the Court denied.[2]

Brown's current motion argues, in part, that a nonretroactive sentencing-law change presents an extraordinary and compelling reason for the Court to grant him relief. In September 2022, at the government's request, the Court stayed Brown's motion while the parties awaited a Sixth Circuit decision on whether sentencing courts may consider nonretroactive sentencing-law changes when deciding compassionate-release motions.[3]

On December 22, 2022, in *United States v. McCall*, the Sixth Circuit court held en banc that nonretroactive sentencing-law changes do not create extraordinary and

---

[1] Doc. 1326 at PageID #: 8261.
[2] Doc. 1308.
[3] Doc. 1338.

Case No. 14-cr-214
GWIN, J.

compelling reasons to grant compassionate release.[4] This Court then lifted the stay on

Defendant Brown's motion[5] and on January 12, 2023, the government filed its opposition.[6]

For reasons detailed below, the Court **DENIES** Defendant's compassionate release

motion.

I.      DISCUSSION

A.  Legal Standard

"Generally speaking, once a court has imposed a sentence, it does not have the

authority to change or modify that sentence unless such authority is expressly granted by

statute."[7] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may, in certain

circumstances, reduce a term of imprisonment based on a request for compassionate

release.

When a defendant brings a compassionate-release motion, the court engages in a

two-step analysis. First, the court must decide "whether extraordinary and compelling

reasons warrant a sentence reduction."[8] There is no set definition of "extraordinary and

compelling," and district courts have discretion to determine when the condition has been

met.[9]

Second, the court must consider "any applicable [18 U.S.C.] § 3553(a) factors and

determine whether, in its discretion, the reduction [...] is warranted in whole or in part

under the particular circumstances of the case."[10]

---

[4] *McCall*, 2022 WL 17843865, at *5–11 (6th Cir. Dec. 22, 2022).
[5] Doc. 1356.
[6] Doc. 1358.
[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[8] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[9] *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) ("A district court's conclusions on those issues are reviewed for an abuse of discretion.")
[10] *Id.* at 1108.

- 2 -

Case No. 14-cr-214
GWIN, J.

### B.  Analysis

#### 1.  Extraordinary and Compelling Circumstances

Defendant Brown argues that extraordinary and compelling circumstances justifying his release exist because (1) recent changes to sentencing law mean that, were he sentenced today, he would be sentenced less harshly; and (2) he is at high risk of contracting COVID-19 in prison and of experiencing severe illness as a result. The Court finds neither argument convincing.

#### a.  Sentencing-law Changes

The United States Sentencing Guidelines classify a defendant as a "career offender" if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[11] A career-offender designation results in certain sentencing enhancements.[12]

When the Court sentenced Defendant Brown in March 2015, Brown was over eighteen years old, his conspiracy conviction was classified as a felony controlled-substance offense, and he had at least two prior controlled-substance felony convictions. He was sentenced as a career offender.

But in 2020, the Sixth Circuit held in *United States v. Cordero* that conspiracy to distribute a controlled substance is not itself a controlled-substance offense.[13] Thus, if sentenced today, Brown would not be designated a career offender because his "instant

---

[11] U.S.S.G. § 4B1.1
[12] *Id.*
[13] *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020).

Case No. 14-cr-214
GWIN, J.

offense" of conspiracy was neither a crime of violence nor a controlled-substance offense.

Brown argues that this disparity is an extraordinary and compelling reason to reduce his

sentence.

It's possible that in the future, the Sentencing Commission will agree with Brown.

On February 2, 2023, the Commission issued a proposed change to the Sentencing

Guidelines which would make a defendant's "serving a sentence that is inequitable in light

of changes in the law" an extraordinary and compelling basis for compassionate release.[14]

But that Guideline proposed change is not in effect. And in the meantime, the Sixth

Circuit's recent decision in *McCall* states clearly that "prospective changes in federal

sentencing law are far from an extraordinary event" and that requiring a defendant to

"serv[e] the duration of a lawfully imposed sentence [...] is not compelling."[15] Brown's

lawfully imposed sentence does not provide a basis for relief.

### b. COVID-19 risks

Brown also says that he is at "high risk of severe outcome from COVID-19" because

he has a history of smoking and has allergies.[16] He has already contracted COVID-19 once

while incarcerated.[17]

But Brown has no heightened risk factors (age, medical conditions, etc.) and has

received at least two doses of the COVID-19 vaccine.[18]  He appears to have recovered

from his first COVID-19 infection without complications.

To be sure, it is unfortunate that Brown contracted COVID-19 while incarcerated

---

[14] Sentencing Guidelines for United States Courts, 88 Fed. Reg. 7180, 7183 (proposed Feb. 2, 2023).
[15] *United States v. McCall*, 56 F.4th 1048, 1055–56 (6th Cir. 2022).
[16] Doc. 1335 at PageID #: 8404.
[17] *Id.* at PageID #: 8405.
[18] Doc. 1358 at PageID #: 8621.

- 4 -

Case No. 14-cr-214
GWIN, J.

and that he has not received COVID-19 booster vaccinations. But having a prior infection and no booster shot merely places him in the same circumstances as millions of other Americans and—for better or worse–cannot be considered extraordinary.

### 2.  Sentencing Factors

Because Defendant has not established extraordinary and compelling circumstances warranting his release, the Court need not proceed to the second step of the analysis and will not discuss sentencing factors that weigh for or against Defendant.

## II.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant Brown's motion for compassionate release.

IT IS SO ORDERED.

Dated: February 24, 2023                                    *s/      James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE